(105 So. 512)

No. 26677.

### Edward HENDERSON v. Louis SPIRO.

(July 13, 1925. Rehearing Denied Oct. 6, 1925.)

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Edward A. Parsons, of New Orleans, for appellant.

Joseph Harris Brewer, of New Orleans, for appellee.

BRUNOT, J. The plaintiff on October 31, 1913, entered into a contract with defendant for the purchase of a double cottage, Nos. 1816 and 1818 Burdette street, in the city of New Orleans, for $2,600. The plaintiff paid $200 in cash and the balance of the purchase price was to be paid in monthly installments at the rate of $26 per month, with interest upon the deferred payments at the rate of 8 per cent. per annum. The plaintiff took possession and moved into the premises on December 8, 1913. He made the monthly payments of $26 per month until December 1, 1917, and thereafter, upon demand of defendant, he paid $28 monthly until December 1, 1918. On this date defendant demanded an increase in the monthly payments to $35 per month. Plaintiff acceded to this demand and paid the $35 per month from December 1, 1918, to July 29, 1919. On this date defendant demanded that the monthly payments be increased to $40 per month, and plaintiff made payments at that rate from July 29, 1919, to March 29, 1923. A mathematical calculation shows that during the 10 years, from October 31, 1913, to March 29, 1923, plaintiff paid the defendant a sum far in excess of the purchase price of the property and of the interest on the deferred payments. In fact, this calculation shows that plaintiff had fully paid the purchase price of the property, together with the interest on the deferred payments and all charges against the property by the $40 payment made on October 31, 1921. There is a variance in the testimony regarding these payments and the agreement of the parties, but our appreciation of the evidence sustains plaintiff's contention in both respects.

This suit was filed on April 26, 1923, and it was brought because plaintiff became alarmed at the action of defendant, who sent a prospective purchaser of the property to the scene to look it over.

The plaintiff is an industrious but ignorant negro, and from time to time after his purchase of the property he readily acceded to any demand the defendant made upon him.

The district judge, who saw and heard the witnesses, rendered judgment ordering a specific performance of the contract, and in favor of the plaintiff and against the defendant for $720.65, with legal interest on $40.65 from October 31, 1921, and a like interest on $40, paid by plaintiff to defendant on the 1st of each of the 17 consecutive months thereafter.

From our reading of the record, we reached the conclusion that the payment made on October 31, 1921, was the final payment on all sums due the defendant. This amount was erroneously included in the judgment. We do not think the defendant should be mulct in damages for a frivolous appeal. It is therefore ordered that the judgment be amended by deducting $40.65 therefrom, and, as thus amended, that it be affirmed at appellant's cost.